**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

FELIX M. PAGAN,

       **Plaintiff,**

v.                                                                  Case No: 6:25-cv-1889-DCI

THE PROVIDENCIA GROUP, LLC,

       **Defendant.**

---

## ORDER

This is an FLSA case. *See generally* 29 U.S.C. §§ 201 to 209. The parties filed a "Joint Motion to Approve FLSA Settlement," in which the parties request approval of their FLSA settlement. (Doc. 43, the Motion). The parties consented to the jurisdiction of the undersigned magistrate judge for this case. Doc. 25. The presiding district judge approved that consent. Doc. 26.

Since the proposed settlement involves a compromise of Plaintiff's FLSA wage claims, it is incumbent on the Court to review the reasonableness of the proposed settlement. *See Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). Having reviewed the same, the Court finds that the proposed settlement is a reasonable compromise of a bona fide dispute between parties represented by competent counsel. *Id*. The Court notes that this case involves both wage claims and a claim for retaliatory discharge. The Agreement resolves all claims and contemplates dismissal of this case with prejudice. In addition to the settlement of the retaliation claim, the Agreement provides for separate consideration of $500 for a general release, a non-disparagement clause, and a confidentiality clause. Thus, the Agreement provides

significant, additional, and separate consideration for those provisions, and the Motion contains a sufficient explanation for their inclusion.

However, the Court finds that the confidentiality clause should be stricken. An employer's insistence upon a confidentiality provision as part of an FLSA settlement contravenes the policies underlying the FLSA. *Gillard v. Fleetmatics USA, LLC*, 2016 WL 6997167, at *1 (M.D. Fla. Sept. 20, 2016). "The district court should reject as unreasonable a compromise that contains a confidentiality provision, which is unenforceable and operates in contravention of the FLSA." *Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227 (M.D. Fla. 2010); *see, e.g.*, *Ramnaraine v. Super Transp. of Fla.*, *LLC*, 6:15-cv-710-Orl-22GJK, 2016 WL 1376358, at *3-4 (M.D. Fla. Mar. 18, 2016) (stating that confidentiality clauses contained in FLSA settlement agreements "thwart Congress's intent to ensure widespread compliance with the FLSA") (citations and internal quotations omitted), *report and recommendation adopted*, 2016 WL 1305353 (M.D. Fla. Apr. 4, 2016). In addition to the offensive nature of this type of provision, the parties filed the Agreement in the public record, as they must. Docs. 29-1. Accordingly, confidentiality is illusory. *See Phillips v. W.W. Contractors, Inc.*, 2015 WL 5897705, at *4 (M.D. Fla. Oct. 7, 2015) (finding that the parties' settlement agreement was a matter of public record and so the confidentiality provision was null.). Likewise, the provision is unenforceable because it has now been filed in the public domain. *Brown v. SeaDog Brewpub BV, LLC*, 2016 WL 773030, at *5 (M.D. Fla. Dec. 29, 2016), *report and recommendation adopted*, 2017 WL 119741 (M.D. Fla. Jan. 12, 2017) ("Additionally, such provisions have been rejected because they are inherently unenforceable due to the public filing of the settlement agreements containing the confidentiality clauses.") (citing *Housen v. Econosweep & Maintenance Services, Inc.*, 2013 WL 2455958, at *2 (M.D. Fla. Jun. 6, 2013)).

As a general matter, the undersigned finds that employees should not have to agree to confidentiality to obtain the wages they are owed.  Thus, the undersigned finds that these provisions affect the fairness and reasonableness of the FLSA wage claims settlement, such that their inclusion would render the settlement of the FLSA claims unfair and unreasonable to Plaintiff.  While the parties could conceivably have drafted confidentiality language that applied to the non-FLSA wage claims, they did not.  Instead, they crafted a provision that applied to "the financial terms of this Agreement."  Doc. 43 at 14.  As such, the clause applies with full force to the FLSA wage claim.  So, it is impermissible.  That said, the Agreement has a severability clause at paragraph 11, and the Court, at a hearing dated March 11, 2026, confirmed with the parties the existence of the severability clause.  Doc 43 at 16.  Thus, the Court will strike the confidentiality clause and approve the remaining Agreement, as the Court finds that the FLSA wage claims settlement is fair and reasonable and that the other remaining terms of the Agreement do not affect the fairness and reasonableness of the FLSA wage claims settlement.

The Court further finds that the agreed-upon fee and costs to be paid to Plaintiffs' counsel was determined independently, did not affect the payment to Plaintiffs, and otherwise appears to be reasonable. *See Bonetti v. Embarq Mgmt. Co.*, Case No. 06:07-CV-1335, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009).

It is, therefore **ORDERED** that

1. The Motion (Doc. 43) is **GRANTED in part**;

2. The confidentiality clause in the Agreement (Doc. 43 at 14, paragraph 6) is **STRIKEN**;

3. The remainder of the Agreement (Doc. 43) is a fair and reasonable settlement of Plaintiff's wage claim under the FLSA;

4. The Motion (Doc. 43) is **DENIED** in all other respects;[1]

5. The case is **DISMISSED with prejudice**;[2] and

6. The Clerk is directed to close the case.

**ORDERED** in Orlando, Florida on March 11, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[1] In the "Wherefore" section of the Motion, the parties request an order "holding that this Court has jurisdiction to enforce the terms of the settlement agreement." However, the parties provide no basis in the Motion for the request. The Court regularly declines to enter orders retaining jurisdiction to enforce settlement agreements, and does so here.

[2] The parties do not specifically request dismissal in the Motion, though the Agreement contemplates dismissal with prejudice and the Court invariably dismisses FLSA cases with prejudice in conjunction with the approval of the settlement. Doc. 43 at 14, paragraph 7(a). If this is not the parties' intention, then within 14 days they may file a short motion and clarify the relief sought with regards to dismissal. The Court would then promptly address the matter via hearing—there is no need to meet the normal standard for reconsideration of an order.

Finally, the Court recognizes that this case was filed as a collective action, but this settlement applies only to the named Plaintiff, and no other plaintiff has opted in to this action. Of course, this Order—and the dismissal with prejudice—applies only to the named Plaintiff, and not to any member of the proposed collective.

- 4 -